CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 6 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LORI RENEE BOONE, | ) | Civil Action No. 7:13CV00230 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| GLEN W. BROWN | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| And | ) | |
| COGAR TRUCKING, LLC | ) | |
| Defendants. | ) | |

This case is presently before the court on defendants' motion to dismiss plaintiff's claim for

punitive damages under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following

reasons, the defendants' motion to dismiss will be granted, and the plaintiff's claim for punitive

damages will be dismissed without prejudice.

## Factual and Procedural Background

This action arises out of a traffic accident that occurred in Covington, Virginia on June 8,

2012. The plaintiff, Lori Renee Boone, filed a personal injury suit in the Circuit Court for the

County of Alleghany, Virginia, on April 17, 2013. The defendants, Glen W. Brown and Cogar

Trucking, LLC, removed the suit on May 16, 2013 under this court's diversity jurisdiction.

The following facts, taken from the plaintiff's complaint, are accepted as true for purposes

of the motion to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Ms. Boone's car was

stopped at a red light. Mr. Brown was stopped directly behind her, in a tractor-trailer owned by his

employer, Cogar Trucking. When the light turned green, Mr. Brown steered the tractor-trailer to the

left in preparation for a wide right turn. In making this turn, Mr. Brown struck Ms. Boone's vehicle

with the tractor-trailer three separate times, causing serious bodily injury and property damage. After striking the vehicle, Mr. Brown left the scene of the collision.

Ms. Boone asserts that the defendant acted negligently when he (1) failed to properly watch for others using the highway; (2) failed to perceive the location of her vehicle and collided with it three different times; and (3) made an improper right turn. Ms. Boone further alleges that by striking her vehicle three times, failing to recognize that he hit her vehicle the first two times, and leaving the scene of the collision, Mr. Brown's conduct was "willful, wanton, reckless, and gross." Ms. Boone seeks $200,000 in general, special, and compensatory damages and $350,000 in punitive damages as a result of Mr. Brown's conduct.

## Discussion

### I.  Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; it does not "resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." See Butler v. United States, 702 F.3d 749, 752 (quoting Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). When ruling on the defendants' motion to dismiss, this court must accept all facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson, 551 U.S. at 94. However, this court need not accept as true any legal conclusion disguised as a factual allegation. Iqbal, 556 U.S. at 679–81.

The plaintiff's factual allegations need not be detailed, but she must offer more than "labels and conclusions" or a "formulaic recitation of the elements of [the] cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). These facts must "be enough to raise a right to relief above the speculative level." Id.

## II.     Analysis

This case is governed by principles of Virginia law.[*] Under Virginia law, punitive damages are given "for the protection of the public, as a punishment to the defendant, and as a warning and example to deter him and others from committing like offenses." Doe v. Isaacs, 265 Va. 531, 536 (2003) (citing Zedd v. Jenkins, 194 Va. 704 (1953)). Generally, punitive damages are allowed "only in cases involving the most egregious conduct." See, e.g., Bowers v. Westvaco Corp., 244 Va. 139, 150 (1992). More specifically, punitive damages are available "only where there is misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others." Booth v. Robertson, 236 Va. 269, 271 (1988) (citing Baker v. Marcus, 201 Va. 905 (1960)).

A plaintiff asking for punitive damages must show that the defendant was "conscious of his conduct, and conscious . . . that injury would likely or probably result from his conduct," and that the defendant "with reckless indifference to the consequences, [] consciously and intentionally did some wrongful act or omitted some known duty which produced the injurious result." See, e.g., Bowers, 244 Va. at 150.

While the Supreme Court of Virginia is "reluctant to allow punitive damages in run-of-the-mill personal injury cases," Doe, 265 Va. at 537, the Supreme Court, and other courts applying Virginia law, have allowed punitive damage claims to move forward against professional drivers involved in traffic accidents. Compare Hack v. Nester, 241 Va. 499 (1990) (punitive damages denied when intoxicated defendant crossed the center lane, colliding with and killing another motorist), and Wallen v. Allen, 231 Va. 289 (1986) (punitive damages denied when inexperienced

---

[*] When a federal court's jurisdiction rests upon diversity of citizenship, the court must apply the substantive law of the forum state, including the forum state's choice of law rules. See Ferens v. John Deere Co., 494 U.S. 516, 519 (1990). In Virginia, the substantive law of the place of the wrong governs the proceeding. See Frye v. Commonwealth, 231 Va. 370, 376 (1986). The injury in this case occurred in Virginia, so Virginia law applies.

tractor-trailer driver, operating without a license, crashed a 72,000 pound truck into the back of a school bus, killing one child and injuring several others), with Stanley v. Star Transport, Inc., No. 1:10CV00010, 2010 WL 3433774 (W.D. Va. Sept. 1, 2010) (punitive damage claim moved forward where defendant, a professional truck driver, drove in a sleep-deprived condition at night over a snow- and ice-covered road at an excessive rate of speed, without a functioning collision avoidance system), and Alfonso v. Robinson, 514 S.E.2d 615 (Va. 1999) (punitive damage claim moved forward where defendant failed to activate his truck's hazard lights or to set up any flares or reflective triangles after a breakdown, despite having been trained to do so in such a situation).

At the motion hearing on this issue, both parties relied heavily upon a recent Western District of Virginia case, Madison v. Acuna, to support their arguments. Madison v. Acuna (Acuna II), No. 6:12-cv-00028, 2012 WL 6196450 (W.D. Va. Dec. 12, 2012) (denying motion to dismiss amended claim for punitive damages); Madison v. Acuna (Acuna I), No. 6:12-cv-00028, 2012 WL 4458510 (W.D. Va. Aug. 28, 2012) (dismissing without prejudice original claim for punitive damages). This court agrees that Madison v. Acuna offers helpful insight into the proper resolution of defendants' instant motion to dismiss.

The claim in Madison v. Acuna arose out of a traffic accident in which the defendant, a professional truck driver, crossed the double-solid yellow line and collided head-on with another vehicle. One passenger, plaintiff's decedent, was severely injured in the crash and later died as a result. The Court granted defendant's partial motion to dismiss the complaint, including a claim for punitive damages, but simultaneously granted plaintiff's request for leave to amend her complaint. See Acuna I. The plaintiff's amended claim for punitive damages survived the defendant's motion to dismiss. See Acuna II.

The defendants, Mr. Brown and Cogar Trucking, argued that Acuna I supports their motion to dismiss. In Acuna I, the plaintiff alleged that the defendant "failed to keep a proper lookout,"

4

"failed to give full time and attention to the operation of his vehicle," "improperly crossed the double yellow line," and "failed to keep his vehicle under proper control," among other traffic violations. She also offered the conclusory statements that the defendant "acted willfully and wantonly" and that "his actions demonstrate[d] a conscious disregard for the safety of others." However, she failed to allege any facts to "support an inference that the defendant acted with indifference to other motorists' safety or that he had actual or constructive consciousness that injury would result from his conduct." Acuna I, 2012 WL 4458510, at *7. She made no factual allegations indicating that the defendant's "asserted negligence amounted to anything beyond what courts routinely confront in head-on vehicle collisions." Id. As a result, her claim was dismissed without prejudice.

The plaintiff, Ms. Boone, argues that her claim, like the amended claim in Acuna II, should survive the defendants' Rule 12(b)(6) motion to dismiss. In Acuna II, the plaintiff amended her complaint to include allegations that (1) the defendant caused the accident because he fell asleep while driving; and (2) the defendant had previously received a summons for violating a rule specifically intended to prevent professional drivers from operating their tractor-trailers while sleep-deprived. Since the defendant had been specifically warned about the dangers of falling asleep while driving, the Court held that "a reasonable jury could find that he . . . acted willfully and wantonly" when he caused an accident by falling asleep at the wheel. Acuna II, 2012 WL 6196450, at *4. Therefore, the Court found that it would be "premature to dismiss [p]laintiff's claim for punitive damages" upon defendant's Rule 12(b)(6) motion. Id.

Here, Ms. Boone's complaint more closely resembles the original complaint in Acuna I—which was dismissed without prejudice—rather than the more detailed, amended complaint in Acuna II—which survived a Rule 12(b)(6) motion to dismiss. Like the plaintiff in Acuna I, Ms. Boone alleges that Mr. Brown was negligent when he "failed to keep a proper lookout for others

using the highway." She also notes that he collided with her vehicle three times while making an improper right turn, and that he left the scene of the collision. She then draws the legal conclusion that Mr. Brown "was guilty of willful, wanton, reckless[], and gross conduct." She fails, however, to allege any facts tending to show that Mr. Brown consciously disregarded the rights of others and acted with reckless indifference to the consequences of his actions. Unlike the amended complaint in Acuna II, Ms. Boone's complaint does not allege that Mr. Brown had been specifically warned about the dangers of making wide right turns. Rather, like the original complaint in Acuna I, Ms. Boone's complaint merely offers facts consistent with a routine traffic accident.

While the facts alleged in the plaintiff's complaint certainly state a claim for ordinary negligence, they do not rise to the level of malicious, reckless, or egregious behavior required under Virginia law to support a claim for punitive damages.

## Conclusion

For the reasons stated, the defendants' motion to dismiss will be granted, and the plaintiff's claim for punitive damages will be dismissed without prejudice. The plaintiff is free to seek leave to amend her complaint if it becomes apparent that additional facts support her claim for punitive damages. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This _26th_ day of September, 2013.

_____
Chief United States District Judge